UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JOSEPH SCOTT DAGLIANO,

                       Plaintiff,          **MEMORANDUM AND ORDER**

      -against-                          **07-CV-2199 (JBW)**
                                                **04-MDL-1596 (JBW)**

**ELI LILLY,**

                       **Defendant.**
----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      In a letter dated February 3, 2008 ("2/3/08 Letter"), *pro se* plaintiff Joseph Dagliano ("plaintiff") essentially seeks reconsideration of this Court's ruling on January 25, 2008, which sustained defendant's objection to plaintiff's Requests for Admissions as violating Case Management Order ("CMO") No. 1, previously issued by Judge Weinstein. See 1/25/08 Calendar Order at 2.[1]  CMO No. 1 appointed the Plaintiffs' Steering Committee ("PSC") and vested it with the exclusive right and obligation to coordinate all pretrial litigation in this Multidistrict Litigation ("MDL").  Plaintiff complains in his letter that copies of the CMOs have been withheld from him, that his Requests for Admissions comply with Rule 36 of the Federal Rules of Civil Procedure, and that he should not have been penalized because of his *pro se* status.  See 2/3/08 Letter at 1-2.

      On January 31, 2008, a member of the Court's staff sent plaintiff, among other things, copies of all CMOs pertaining to personal injury actions involving Zyprexa.  See 1/31/08

---

[1] The Court also concluded that many of plaintiff's requests were unintelligible.  See 1/25/08 Calendar Order at 2.

Letter to Plaintiff from Jennifer A. Williams. Contrary to plaintiff's suggestion, CMO No. 1, which vests the PSC with the responsibility to "[c]onduct all discovery in a coordinated and consolidated manner on behalf of and for the benefit of all Plaintiffs" in the Zyprexa MDL, CMO No. 1 at ¶ 4(1)(d); see id. at ¶ 4(1)(a), does not violate the Federal Rules of Civil Procedure; on the contrary, courts enjoy broad discretion to appoint lead counsel in MDL and other complex litigations and to restrict the activities of attorneys and/or unrepresented parties who have not been so appointed by the court. See, e.g., Farber v. Riker-Maxson Corp., 442 F.2d 457, 459 (2d Cir. 1971); Vincent v. Hughes Air West, 557 F.2d 759, 773 (9th Cir. 1977); County of Suffolk v. Long Island Lighting Co., 710 F.Supp. 1422, 1425 (E.D.N.Y. 1989) (Weinstein, J.).

Finally, plaintiff has not been penalized because of his *pro se* status. The limitations imposed by CMO No. 1 apply to all parties who are not represented by members of the PSC, and are not directed at plaintiff or *pro se* parties generally. In addition, in order to ensure that plaintiff will have access to the voluminous discovery materials previously obtained and assembled by the PSC, this Court (with the parties' concurrence) recommended to Judge Weinstein that plaintiff's case be removed from Trial Group 2, which is being readied for trial. See 1/25/08 Calendar Order at 2. By Order dated February 8, 2008, Judge Weinstein adopted this Court's proposal and adjourned discovery, motions and trial in this case until plaintiff's release from custody (currently scheduled for July 2008). Therefore, plaintiff will suffer no

unfair prejudice in prosecuting his claims.

For the foregoing reasons, the Court declines to disturb its January 25th ruling sustaining defendant's objection to plaintiff's Requests for Admissions.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**February 29, 2008**

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**