UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JOSEPH SCOTT DAGLIANO,

                           Plaintiff,                 **MEMORANDUM AND ORDER**

       -against-                                 07-CV-2199 (JBW)
                                                        04-MDL-1596 (JBW)
ELI LILLY,

                           Defendant.
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       In a letter dated October 3, 2011, *pro se* plaintiff Joseph Scott Dagliano ("plaintiff") essentially seeks reconsideration of this Court's September 21, 2011 ruling, which sustained the objection of defendant Eli Lilly & Co. ("Lilly") to plaintiff's July 11, 2011 request for documents (the "Request") and denied plaintiff's application to serve the Request on the Plaintiffs' Steering Committee II ("PSC"). See Letter from Joseph S. Dagliano (Oct. 3, 2011) ("10/3/11 Pl. Letter"), Electronic Case Filing Docket Entry ("D.E."), #61; Memorandum and Order (Sept. 21, 2011) ("9/21/11 M&O"), D.E. #60.

       In its September 2011 ruling, this Court directed plaintiff to refrain from serving the Request on the PSC – which is responsible for conducting discovery on behalf of all plaintiffs in this multi-district litigation ("MDL") – because plaintiff had sat on his rights to access the PSC discovery repository for two years. See 9/21/11 M&O at 5-6. Plaintiff now contends that the PSC recently volunteered to provide limited documents to plaintiff, and that therefore this Court should allow plaintiff to serve the Request on the PSC. See 10/3/11 Pl. Letter at 2. In addition, Plaintiff requests an extension of discovery to an unspecified date in the future. See id.

For the reasons set forth below, plaintiff's motion for reconsideration is denied, although the Court will allow plaintiff to engage in informal evidence-gathering with limited, voluntary assistance from the PSC. While the Court will give plaintiff a narrow window of time to seek the PSC's assistance, his motion to extend formal, court-supervised discovery is denied.

## BACKGROUND

In 2007, as part of an ongoing MDL concerning the anti-psychotic drug Zyprexa, plaintiff filed this personal injury suit against Lilly. See generally Complaint (May 7, 2007), D.E. #1. Recognizing the complex nature of MDLs, the Honorable Jack B. Weinstein had previously ordered that all pretrial discovery in the Zyprexa MDL would be exclusively managed through the PSC. See Case Management Order No. 1 (June 15, 2004) ("CMO No. 1") at 37-40, attached as Ex. C to Defendant's Opposition to Plaintiff's Objections ("Def. Opp."), D.E. #59.

On July 11, 2011, plaintiff served Lilly with the Request pursuant to Rule 34 of the Federal Rules of Civil Procedure ("FRCP"). See Request for Production, attached at p. 51 of Exhibit B to Def. Opp. Lilly served its response on August 5, 2011. See Def. Opp., Ex. B at 59. The following month, plaintiff filed a motion objecting to Lilly's response, which Judge Weinstein referred to the undersigned magistrate for resolution. See Plaintiff's Response to Defendant's Objections, D.E. #58.

In a written opinion issued on September 21, 2011, this Court sustained Lilly's objections to plaintiff's Request. See 9/21/11 M&O at 7. The Court further denied plaintiff's

application to serve the Request directly on the PSC. See id.

In making its ruling, the Court found that plaintiff was made aware during a January 25, 2008 telephone conference with the Court that (1) he was prohibited from serving discovery demands directly on Lilly; and (2) per CMO No. 1, all pretrial discovery had to be conducted through the PSC. See id. at 4. The Court further found that plaintiff had had ample opportunity to access the electronic PSC document repository – namely, between July 2008, when plaintiff was released from prison, and August 2010, when he informed the Court that he had been imprisoned again. See id. at 5. The Court concluded that because plaintiff failed to avail himself of the PSC documents for the nearly two years he was out of prison, the Court would not authorize him to now serve the Request on the PSC. See id. at 5-6.

On September 16, 2011, a few days prior to the issuance of this Court's Memorandum and Order, Judge Weinstein held a telephonic status conference with plaintiff, Lilly and William Audet, an executive committee member of the PSC. See Minute Entry (Sept. 16, 2011), D.E. #62. During the status conference, Mr. Audet informed plaintiff that "[w]e can get you what you think you need for your case[,] but we can't just provide [the entire repository] because some of it is confidential. If[,] after the hearing[,] you need something or there are specific documents, we can provide you with them no problem whatsoever." Transcript (Sept. 16, 2011) ("Tr.") at 8. Mr. Audet further commented that the PSC could "give [him] documents that are relevant to [his] case to help [him] defend [his] case or prosecute it[,]" including unspecified medical records. See Tr. at 9.

On October 3, 2011, plaintiff wrote a letter requesting that the Court reconsider its

-3-

September 21 ruling in light of Mr. Audet's comments during the September 16 status conference. See 10/3/11 Pl. Letter at 2. He further requested that this Court extend fact discovery to an unspecified date in the future. See id.

## DISCUSSION

**I. Reconsideration of its Prior Ruling**

"Motions for reconsideration are governed by Local Rule 6.3 and are committed to the sound discretion of the [ ] court." Reddy v. Salvation Army, No. 06-CIV-5176 (SAS), 2008 WL 4755733, at *1 (S.D.N.Y. Oct. 27, 2008) (citing Patterson v. United States, No. 04-CIV-3170 (WHP), 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006)). Ordinarily, motions for reconsideration should "'be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" Reddy, 2008 WL 4755733, at *1 (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). Accordingly, "Local Civil Rule 6.3 is narrowly construed and strictly applied in order to avoid repetitive arguments already considered by the Court." Reddy, 2008 WL 4755733, at *1 (citing Lichtenberg v. Besicorp Group Inc., 204 F.3d 397, 400 (2d Cir. 2000)). Given the narrow scope of Local Rule 6.3, a party seeking reconsideration is precluded from "'advanc[ing] new facts, issues or arguments not previously presented to the Court.'" Reddy, 2008 WL 4755733, at *1 (quoting Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp., 948 F.2d 111, 115 (2d Cir. 1991)).

Here, the Court denied plaintiff's application to serve the Request on the PSC because plaintiff had two years while out of prison to access the PSC documents, but he failed to do so.

See 9/21/11 M&O at 5. He neglected to do so even in light of the fact that the Court expressly granted him an extension of discovery so that he could obtain access once released from prison. See id. The fact that the PSC has now apparently volunteered to provide limited, specific documents to plaintiff is irrelevant to this Court's finding that plaintiff inexcusably delayed his discovery efforts while at liberty. If the PSC offers to provide limited, specific documents now to plaintiff (who remains incarcerated until 2013 and is, thus, unable to access the computerized PSC document database until 2013), that is separate and distinct from court-ordered discovery to which a party may be compelled to respond. Thus, this Court adheres to its previous directive prohibiting plaintiff from serving its Request on the PSC pursuant to the FRCP. If, however, the PSC wants to voluntarily make arrangements for plaintiff to receive hard copies of specific, relevant documents, it may do so outside the context of court-supervised discovery.

**II. Plaintiff's Motion to Extend Fact Discovery**

In February 2011, plaintiff was informed that he had 60 days to complete discovery. See Case Management Order No. 38 (Feb. 14, 2011) ("CMO No. 38"), D.E. #44. Thereafter, in June 2011, plaintiff moved to extend discovery to an unspecified date in the future. See Discovery Extension Request (dated June 24, 2011). He renewed this request in his October 3, 2011 motion for reconsideration. See 10/3/11 Pl. Letter at 2.

Plaintiff appears to argue, in part, that he is entitled to a discovery extension because "at this current time, I will not be able to gain access on my own, to the said data base without a computer and I simply can not have a computer[.]" See id. Plaintiff is currently scheduled to be released from prison in 2013. See Tr. at 2. The Court declines to extend discovery for

another two years until his release, especially where plaintiff was previously at liberty for nearly two years and did not take it upon himself to access the PCS database during that time.

Plaintiff further seems to argue that because he was not made aware of the PSC and discovery-related Case Management Orders until January 2008 (nine months after he filed his suit), he is unfairly "being held to the same standard of care as someone who had rec[ei]ved access to those various CMO's." 10/13/11 Pl. Letter at 1. Plaintiff conveniently overlooks the fact that this Court previously extended plaintiff's discovery deadline in January 2008, when plaintiff first learned of the CMOs, for the express purpose of accommodating plaintiff in light of his incarceration at the time and to enable him to access the PSC documents upon his release. Therefore, plaintiff was not prejudiced by any delay in receiving the CMOs such that discovery should be extended into 2013 and beyond.

In accordance with Judge Weinstein's desire to bring the Zyprexa MDL promptly to a final conclusion, see CMO No. 38 at 2, the Court grants plaintiff a limited period of time, until November 30, 2011, to informally seek voluntary discovery from the PSC.

To the extent plaintiff has not already done so following the September 16, 2011 status conference, plaintiff may request, in writing, a *limited* number of specific documents from William Audet of the PSC. Plaintiff must mail this request to Mr. Audet no later than November 1, 2011. The PSC, in its discretion and at its option, may provide plaintiff with whatever responsive non-confidential documents it may have relevant to plaintiff's case by November 30, 2011.

Parties wishing to file dispositive motions in this matter must do so no later than December 15, 2011. Responses are due by January 16, 2012. Replies are due by January 31, 2012.

## CONCLUSION

For the foregoing reasons, the Court denies plaintiff's motion for reconsideration and grants in limited part only plaintiff's motion to extend discovery, to allow plaintiff a short period of time to conduct informal evidence-gathering from the PSC repository. Any dispositive motion must be filed no later than December 15, 2011. Responses are due by January 16, 2012. Replies are due by January 31, 2012.

**SO ORDERED.**

**Dated:**     **Brooklyn, New York**
             **October 14, 2011**

                                      **ROANNE L. MANN**
                                      **UNITED STATES MAGISTRATE JUDGE**